UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY CORMIER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-1671 |
| v. | : | (JUDGE MANNION) |
| CRESTWOOD SCHOOL DISTRICT and JOSEPH GORHAM, | : | |
| | : | |
| Defendants | | |

## MEMORANDUM

Before the court is a motion to dismiss for failure to state a claim filed by the defendants Crestwood School District Company (the "School District") and Joseph Gorham ("Gorham"), (collectively, "Defendants"). (Doc. 8). Also before the court is the plaintiff Tracy Cormier's ("Cormier") motion to strike the documents attached to Defendants' motion to dismiss. (Doc. 11).

For the reasons set forth below, the motion to dismiss will be **GRANTED,** and the motion to strike will be **DENIED**.

## I.    BACKGROUND

This employment discrimination suit arises from an unfortunate series of events that took place after an incident involving Cormier's son, Grant, a then-seventeen-year-old high school student and one of his fellow high school students. On October 26, 2017, Grant, who working at a Dunkin Donuts, had

an altercation with his female coworker, A.T., during which he said "really, really nasty stuff" to A.T. (Doc. 10, at 2). When A.T.'s grandmother and custodial parent, Marybeth Innamorati, picked A.T. up, A.T. was crying and explained what happened. Innamorati, knowing where Grant lived, drove to his house; however, they ended up following Grant to his house, since Grant left at the same time in his own vehicle. Upon arrival, Innamorati got out of her car and approached Grant, who was sitting in his car in the driveway. The two spoke and Innamorati left with A.T. The encounter lasted under a minute and Cormier was not home at the time.

Grant, being upset over the incident and over being followed in his vehicle, told Cormier about it when she got home. Cormier, with her husband, reviewed video footage of the encounter on her home security camera. Being a secretary at the School District, Cormier had access to Skyward, a software program containing "a variety of student information, grades, and report cards, health records, immunization forms, and student demographic information." (Doc. 10, at 3). At approximately 10:00 p.m., Cormier accessed Skyward from her home computer and, after scrolling through at least twenty-five pages of student information pages with last names ending in "T", she found A.T.'s page, which contained her address and Innamorati's name and phone

number. In total, Cormier spent approximately forty-two minutes on Skyward. Afterward, Cormier phoned Innamorati and expressed her displeasure with Innamorati for trespassing on her property and confronting her son.

Innamorati then contacted the School District and reported that Cormier had improperly obtained her unlisted phone number. The School District conducted an investigation and found that Cormier had used her work access to Skyward after hours to obtain Innamorati's name and contact information. Cormier claimed she obtained Innamorati's phone number from a white pages phone app and did not recall accessing Skyward on the evening of October 26.

After a *Loudermill* hearing on November 1, 2017, Gorham, the School District's Superintendent made the decision to suspend Cormier with pay.[1] On November 6, 2017, Cormier's husband was hand-delivered a "Statement of Charges," that stated the following with respect to the charges against Cormier:

> 1. On October 26, 2017, you accessed the [S]kyward
>    system after hours.

---

[1] *Loudermill* hearing refers to *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985), wherein the Supreme Court held that, prior to termination, an employee must be afforded notice and an opportunity for a hearing appropriate to the nature of the case.

2. You accessed private information in the [S]kyward system that is not available publicly.
3. The Skyway system logged your actions and a record was created of your activity.
4. You contacted the student's guardian late in the evening on October 26, 2017[,] by telephone and proceeded to yell profanities at the guardian for personal issues between your son and the student.

(Doc. 10-3, at 2-3).

On November 16, 2017, Cormier's employment was terminated. Cormier grieved the termination, which the School District denied. After grievance arbitration, Cormier was reinstated, her termination was reduced to a forty-five-day suspension without pay, and she was otherwise made whole.

Cormier filed her two-Count Complaint on September 27, 2019. (Doc. 1). In Counts 1 and 2, she brings First Amendment retaliation claims for violation of her free speech and free association rights, respectively. Cormier essentially argues that her termination was in fact the result of her participation in protected union activity instead of for the School District's asserted reasons. In Count 3, she asserts a Section 1983 claim for violation of her due process right with respect to both her November 1, 2017 suspension and her November 16, 2017 termination.

On October 21, 2019, Defendants filed the instant motion to dismiss, seeking to dismiss Count 3 of the complaint, (Doc. 8), as well as a brief in

- 4 -

support, (Doc. 10). Cormier filed a motion to strike Defendants' exhibits, (Doc. 10), as well as her own brief in support, (Doc. 12). Cormier also filed a brief in opposition to the motion to dismiss. (Doc. 13). Defendants then filed a brief in opposition to the motion to strike, (Doc. 15), and a reply brief to the motion to dismiss, (Doc. 16). The motions are now ripe for this court's review.

## II.   STANDARD

### a. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P.12(f). While rulings on motions to strike rest in the sound discretion of the court, *Von Bulow v. Von Bulow,* 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and

prejudicial to the opposing party. *Ruby v. Davis Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001).

### b. Motion to Dismiss

Defendants' motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. In deciding Defendants' motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. *Estelle v. Gamble*, 429 U.S. 97 (1976). However, the court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004). The court also need not accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

In deciding Defendants' motion, the court should generally consider only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which the plaintiff has identified as the basis of his claim. *See Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196

(3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). In *Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), the Third Circuit held that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Otherwise, the court held, "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Id.*

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified

only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III.   DISCUSSION

### a. Motion to Strike

Because the court's disposition on the motion to strike is dispositive as to the motion to dismiss, the court will address Cormier's motion to strike first. In Count 3, Cormier alleges she was deprived of due process for both her November 1, 2017 suspension, and her November 16, 2017 termination. Defendants argue that Cormier was provided due process, citing several documents they have attached to their motion to dismiss: (1) the March 31, 2019 Arbitration Opinion and Award, (Doc. 10-1); (2) a "*Loudermill* Outline," dated November 1, 2017, (Doc. 10-2); and (3) the "Statement of Charges" against Cormier, dated November 6, 2017, (Doc. 10-3).

Cormier filed a motion to strike the three aforementioned documents attached to Defendants' motion to dismiss. Cormier provides little argument, however, simply stating that "none of the documents . . . are relied upon in [Cormier]'s Complaint nor are they matters of public record," and therefore "the Court should not consider the[m]." (Doc. 12).

- 8 -

Defendants argue several points in response. As to the Arbitration Opinion and Award, they argue that because it is undisputedly authentic, as well as a public record, it may be considered on a motion to dismiss. Defendants note that Cormier does not dispute the Opinion and Award's authenticity, nor does she cite any legal authority indicating that arbitration opinion and awards are not public records.

As to the *Loudermill* Outline, Defendants argue that it, too, is undisputedly authentic and integral to Cormier's due process claim regarding her suspension, since she argues she "was not provided with any of the alleged evidence against her" at the *Loudermill* hearing. (Doc. 1, at 9). Defendants observe that Cormier does not indicate whether her suspension was with or without pay which is particularly significant since a suspension with pay does not trigger due process protections. *See Edwards v. Cal. Univ. of Pa.*, 156 F.3d 488, 492 (3d Cir. 1998); *Jerrytone v. Musto*, 167 Fed.App'x 295, 301 (3d Cir. 2006).

Finally, as to the Statement of Charges, Defendants again argue that Cormier does not dispute its authenticity and that it is integral to her claims, because she, herself, references the contents of the document, albeit inaccurately, in her Complaint. (Doc. 1, at 6, 9) (stating Cormier's husband

was hand-delivered a "notice of termination" that informed her she would be terminated at the conclusion of a November 16, 2017 School Board meeting). Defendants additionally note that Cormier indicates she intends to rely on the Statement of Charges in future pleadings, stating it "cannot be used on a motion to dismiss, but *will prove on summary judgment* that [Cormier] was not given the evidence against her before she was terminated." (Doc. 13, at 6) (emphasis added).

The court agrees with Defendants that the attached documents can be relied upon for purposes of the present motion to dismiss. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, *as well as undisputedly authentic documents if the complainant's claims are based upon these documents.*" *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (emphasis added). Such documents include administrative decisions. *El-Hewie v. Bergen Cty.*, 348 Fed.App'x 790, 794 (3d Cir. 2009). A plaintiff "cannot prevent a court from looking at the texts of the documents on which [his] claims are based by failing to attach or explicitly cite them." *In re Burlington Coat Factories Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Cormier, in a conclusory fashion and without citation to legal authority, argues that the attached documents are "[c]learly" not public records. (Doc. 18, at 2). Cormier ignores, however, that the Third Circuit has held that administrative decisions as well as other undisputedly authentic documents on which a plaintiff's claims are based, can be relied upon in considering a motion to dismiss. *See Mayer*, 605 F.3d at 230; *El-Hewie*, 348 Fed.App'x at 794. Although Cormier also argues that the *Loudermill* Outline is "disputed" because "it does not contain the evidence against Plaintiff that was presented at the arbitration hearing," (Doc. 18, at 2), this argument pertains to whether Cormier was given due process—not authenticity. Significantly, Cormier does not argue that any of the attached documents are inauthentic. Furthermore, two of the Counts in her Complaint focus squarely on the *Loudermill* hearing and Cormier has provided no coherent explanation as to why this court should ignore the only official documentation memorializing it. Accordingly, the court will **DENY** the motion to strike the exhibits to Defendants' brief. (Doc. 11).

### b. Motion to Dismiss

In their motion to dismiss, as noted, Defendants seek to have Cormier's Count 3 Section 1983 due process claim dismissed with prejudice because they contend that Cormier was, in fact, afforded constitutionally adequate pre-

- 11 -

deprivation procedural due process. Defendants argue that *Loudermill* only requires that an employee be given notice of the charges, an explanation of the evidence, and an opportunity to present his side of the story. Here, Defendants argue that Cormier was provided with this.

Initially, they note that her November 1, 2017 suspension—in light of the fact that it was paid—cannot qualify as a deprivation of property sufficient to trigger due process protections. *Cipriani v. Lycoming Cty. Hous. Auth.*, 177 F.Supp.2d 303, 319 (M.D.Pa. 2001). Further, whether or not the court considers the *Loudermill* Outline, which memorializes the fact that Cormier's suspension was with pay, Defendants contend that Cormier's claim fails as a matter of law because she has not alleged that her suspension was without pay and courts "need not assume that a plaintiff can prove facts that the plaintiff has not alleged." (Doc. 16, at 3) (quoting *Goenaga v. MacDonald*, No. 3:14-cv-2496, 2015 WL 7428618, at *2 (M.D.Pa. Nov. 23, 2015)).

Next, Defendants note that, with respect to her due process claim regarding her November 16, 2017 termination, Cormier challenges only the "explanation of the evidence" requirement of *Loudermill*. Defendants argue that the explanation of the relevant supporting evidence in the Statement of Charges put Cormier in a position to make a meaningful response.

- 12 -

Defendants emphasize that, in the Third Circuit, the due process required in the context of employment requires only an "explanation of evidence" that enables the employee to make a meaningful response. (Doc. 16, at 7) (citing *Fraternal Order of Police Lodge No. 5 v. Tucker*, 868 F.2d 74, 80 (3d Cir. 1989) (holding that public employees are entitled to a meaningful pre-termination hearing that provides "a sufficient explanation of the employer's evidence to permit a meaningful response")). Thus, given that Cormier was provided with a constitutionally adequate explanation of the relevant evidence supporting the charge that she improperly accessed the Skyward system, Defendants argue that Cormier's due process claim regarding her termination must be dismissed with prejudice as amendment would be futile.

Cormier's response to the motion to dismiss leaves much to be desired. Instead of addressing the specifics of Defendants' arguments, she asserts in broad, conclusory terms that she was "never provided any evidence that was against her." (Doc. 13, at 4). From what the court can discern, however, without explicitly acknowledging that it occurred, Cormier appears to argue that the *Loudermill* hearing was deficient because she was not provided with an explanation of the evidence against her and she did not have an opportunity

- 13 -

to rebut it. The *Loudermill* Outline from the hearing belies Cormier's assertion, however. The Outline specifically indicated that she was presented with the charges against her:

> On October 26th, 2017, (it is alleged) that you accessed the Crestwood student information system (known as Skyward) after hours and obtained student and guardian contact information. This information was then utilized to contact and engage the guardian of a student that allegedly had contact with your son outside of school.
>
> This action (if found to be true) may be in violation of the District's Computer Usage Policy and Policy #216 as it Relates to Student Records.

(Doc. 10-2, at 2). Additionally, it indicates that Cormier was provided with opportunities to respond. (Doc. 10-2, at 2-3) (asking Cormier, "What is your side of the story?", and "Anything else?"). Cormier did indeed take the opportunity to respond to the allegations, stating, *inter alia*, that "[a] person followed my son home (I have it on video)," that the person "accosted my son," that she "used the white pages to find the name and number of the individual who entered my property" and  that she "called the police." (Doc. 10-2, at 2).

Public employees who can be discharged only for cause have a constitutionally protected property interest in continued employment and are entitled to procedural due process before having their employment

- 14 -

terminated. *Gilbert v. Homar,* 520 U.S. 924, 928-29 (1997); *Perry v. Sinder mann*, 408 U.S. 593, 602-03 (1972)). If an employee is to lose his employment, that process includes an informal, pre-termination hearing, to be followed by a more comprehensive post-termination hearing. *Loudermill,* 470 U.S. 532, 545-46 (1985). The pre-termination hearing serves only as an initial check against mistaken decisions, and "need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story." *Gilbert*, 520 U.S. at 929. "[T]he purpose of a pre-termination hearing is to determine 'whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.'" *Gilbert*, 520 U.S. at 933 (quoting *Loudermill,* 470 U.S. at 545-46). Also, "'in those situations where the employer perceives a significant hazard in keeping the employee on the job, it can avoid the problem by suspending with pay.'" *Gilbert*, 520 U.S. at 929 (quoting *Loudermill,* 470 U.S. at 544-45). Significantly, a governmental employee who is suspended with pay is not entitled to a pre-suspension hearing providing the employee with notice and an opportunity to be heard. *Gilbert*, 520 U.S. at 930–31; *see also Edwards*, 156 F.3d at 492 (3d Cir. 1998); *Jerrytone*, 167 Fed.App'x at 301.

Here, Defendants have presented evidence that Cormier's suspension was with pay. Cormier does not contest that it was with pay. In fact, perhaps unsurprisingly, Cormier fails to address this point entirely. Therefore, the court agrees with Defendants that because her suspension was with pay, Count III as it relates to the November 1, 2017 suspension fails as a matter of law and will be **DISMISSED WITH PREJUDICE**.

Nevertheless, despite not being strictly required to afford Cormier a pre-deprivation hearing, the School District did so via the November 1, 2017 *Loudermill* hearing. Additionally, the School District again provided Cormier with an explanation of its evidence against her in the November 6, 2017 Statement of Charges. Although Cormier suggests that she was not given notice or an opportunity to be heard at the *Loudermill* hearing, where, as here, the "facts that are alleged to be true in a complaint are contradicted by facts that can be judicially noticed, the contradicted facts in the complaint are not to be deemed as true upon consideration of the motion to dismiss." Smith v. Litton Loan Servicing, LP, No. 04–2846, 2005 WL 289927 (E.D.Pa. Feb. 4, 2005) (citing 5A Wright & Miller, *Federal Practice and Procedure* Civil 2d §1364). In light of dialog set forth in the *Loudermill* Outline, which Cormier

does not contest, Cormier cannot seriously maintain that she was not informed of the charges against her or provided an opportunity to explain.

Cormier additionally makes the legally unsupported argument that, because the November 6, 2017 Statement of Charges was hand delivered to her husband, she necessarily could not have received due process. Cormier does not elaborate on this point, nor does she provide any legal authority for it. Notably, Cormier does not argue that she did not actually receive the Statement of Charges. In any event though, the School District was only required to provide Cormier with an informal, pre-termination hearing as an "initial check against mistaken decisions," which it did with the *Loudermill* hearing, at which she was provided "notice of the charges, an explanation of the employer's evidence, and an opportunity for [her] to tell [her] side of the story." *Gilbert*, 520 U.S. at 929. Thus, to the extent that Cormier was already provided pre-deprivation due process at *Loudermill* hearing, the Statement of Charges, for purposes of providing pre-deprivation due process, was extraneous and Cormier's arguments about how the School District delivered it to her are irrelevant.

Cormier's final argument is that, because Defendants presented evidence at the arbitration hearing that Cormier accessed Skyward for forty-

two minutes and because she was not provided this information at the *Loudermill* hearing, Cormier's due process rights were violated and the motion to dismiss should be denied. This argument does not save Count 3 from dismissal, however.

The School District's purported failure to provide Cormier with the specific number of minutes that Cormier was on Skyward cannot be considered a failure to provide her with notice of the evidence against her where she was presented with the allegation at the *Loudermill* hearing that she "accessed the Crestwood student information system (known as [S]kyward) after hours and obtained student and guardian contact information." (Doc. 10-2, at 2). A *Loudermill* hearing "need not be elaborate" and need only provide "[t]he opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." 470 U.S. at 545-46. "In general, something less than a full evidentiary hearing is sufficient prior to adverse administrative action." *Id.* (internal quotation marks omitted). Thus, contrary to Cormier's suggestion, there is no requirement that employees be given every detail of all the evidence against them at *Loudermill* hearings, and the School District's failure to notify her of the forty-two minutes it determined she was on Skyward cannot

- 18 -

be considered a failure to provide Cormier with notice. To hold otherwise would be to require precisely the type of "full evidentiary hearing" that *Loudermill* instructed was unnecessary.

Accordingly, because Defendants have shown that Cormier was provided the necessary procedural due process prior to her November 1, 2017 suspension and her November 16, 2016 termination, her Count 3 procedural due process claim fails as a matter of law and is **DISMISSED**. Further, because amendment would be futile, Count 3's dismissal is **WITH PREJUDICE**. *See Alston*, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility.")

## IV. CONCLUSION

For the reasons set forth above, Cormier's motion to strike, (Doc. 11), is **DENIED**, the Defendants' motion to dismiss, (Doc. 8), is **GRANTED**, and Count 3 of the Complaint is **DISMISSED WITH PREJUDICE**.

An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 23, 2020**
19-1671-01

- 19 -