**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

TRACY CORMIER,                          :

      **Plaintiff**                          :      CIVIL ACTION NO. 3:19-1671

      **v.**                          :          **(JUDGE MANNION)**

CRESTWOOD SCHOOL              :
DISTRICT, *et al.*,
                         :

      **Defendants**

## <u>MEMORANDUM</u>

Pending before the court is Crestwood School District (the "District") and Joseph Gorham's ("Gorham" and together, the "defendants") motion for summary judgment, (Doc. 35), on claims of First Amendment retaliation for protected speech and association in Tracy Cormier's (the "plaintiff") complaint, (Doc. 1). The defendants' motion also requests that the court strike plaintiff's demand for punitive damages. (Doc. 35). For the following reasons, the defendants' motion will be **GRANTED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In January 2010, the plaintiff was hired as a secretary in the District's Rice Elementary School. (Doc. 37-2 at 28:10-29:19). In September 2016, the

plaintiff created a post on Facebook expressing her support for the District's bus drivers. (Doc. 37-3 at 43:8-14; 45:20-22).

In 2017, the plaintiff became secretary of the ESP union (the "Union"). In her capacity as secretary of the Union, plaintiff participated in several collective bargaining meetings between the Union and the District, including sessions held on July 2017, September 20, 2017, October 2, 2017, and October 16, 2017. (Doc. 42 at 10:11-13; Doc. 37-3 at 93:10-15). The plaintiff testified that, during these meetings, she spoke to District Superintendent Gorham ("Gorham") about issues affecting District staff, including low wages. (Doc. 36 at ¶14; Doc. 37-3 at 93:10-95:11). She testified that Gorham was "dismissive" of her complaints. *Id*. at 94: 17-25; 96:9-14.

Over the course of her employment with the District as a secretary, the plaintiff was provided with access to the Skyward system, a database which contained confidential student information, including the contact information of students and their guardians. (Doc. 36 at ¶¶19, 20). Use of the Skyward system is subject to restrictions pursuant to the District's policies. Under the District's Student Records Policy (Policy 216), employees are prohibited from "unauthorized access" to "personally identifiable information" from student records, including the names of students and family members. (Doc. 37-7 at 4, 5). Further, under the District's Computer Use Policy (Policy 815),

- 2 -

employees are prohibited from "accessing…. viewing…or downloading confidential information without authorization" as well as using the computer system for "non-work reasons." Failure to comply with the Computer Use Policy "shall result in…disciplinary action, and/or legal proceedings." (Doc. 37-8 at 7, 8). The plaintiff testified to having been aware of the existence of both policies over the course of her employment as a secretary in the District. (Doc. 37-1 at 217: 15-25, 219:15-22).

On the evening of October 26, 2017, plaintiff's son, Grant Cormier ("Grant C."), was followed home by MaryBeth Innamorati ("Innamorati"), a grandparent of District student Alexis T. ("Alexis T."). (Doc. 36 at ¶8). Innamorati confronted Grant C. on his driveway regarding an incident which had transpired between him and Alexis T. (Doc. 36 at ¶8). Later in the evening, the plaintiff accessed the Skyward system to obtain Innamorati's private phone number, and then called Innamorati's regarding her confrontation with Grant C. (Doc. 36 at ¶25). The next day, Innamorati notified Gorham and District Principal Margaret S. Foster about plaintiff's use of her District position to obtain Innamorati's unlisted phone number. *Id*. at ¶18.

On November 1, 2017, Gorham conducted a hearing[1] concerning the plaintiff's October 26, 2017 access of the Skyward system, during which the plaintiff testified that she could not remember if she had accessed the system on October 26, 2017. (Doc. 36 at ¶¶26, 28; Doc. 41 at ¶28 ). Following the hearing, the plaintiff was placed on paid administrative leave. (Doc. 36 at ¶34).

On November 6, 2017, the District's Board of Directors issued the plaintiff a Statement of Charges, wherein plaintiff was charged for improperly accessing the Skyward system on October 26, 2017. (Doc. 37-5). Pursuant to the Statement of Charges, the plaintiff elected to use a grievance arbitration procedure in lieu of participating in a public disciplinary hearing before the District's Board of Directors. (Doc. 36 at ¶38). On November 16, 2017, the District's Board of Directors unanimously voted to terminate plaintiff's employment. *Id*. at ¶39. Gorham was not a voting member of the District's Board of Directors at the time of the termination vote. *Id*. at ¶40.

A grievance arbitration concerning the plaintiff's termination was held on September 19, 2018. During the arbitration hearing, the plaintiff admitted

---

[1] The parties dispute whether the hearing constituted a *Loudermill* hearing. (Doc. 41 at ¶26). The court notes that the plaintiff does not point to any specific record evidence in support of her position that the hearing was not a *Loudermill* hearing and does not rely on such claim in opposing the instant summary judgment motion.

to having accessed the Skyward system on October 26, 2017 for personal reasons. *Id.* at ¶44; (Doc. 37-1 at 189:12-20). On March 31, 2019, the arbitrator issued an Opinion and Award affirming the District's conclusion that the plaintiff violated District Policies 216 and 815, but reducing the District's decision to terminate plaintiff to a forty-five day suspension without pay. (Doc. 36 at ¶¶45-47; Doc. 37-9). The plaintiff returned to work as a District secretary on April 12, 2019 and, as of the date of the instant motion, remained employed with the District as a secretary. *Id.* at ¶49.

The plaintiff commenced this suit pursuant to 42 U.S.C. §1983 on September 27, 2019. Plaintiff's complaint asserts claims of First Amendment retaliation for free speech (Count I) and free association (Count II) as well as violation of due process (Count III).[2] (Doc. 1). On October 21, 2019, the defendants filed a motion to dismiss with prejudice Count III of the complaint, (Doc. 8), which this court granted by an order and memorandum dated October 23, 2020, (Docs. 25, 26). The defendants filed an answer to the complaint on December 17, 2021, (Doc. 47), and resubmitted their answer on January 11, 2022 upon this court's order granting them leave to file an

---

[2] Counts I and II of plaintiff's complaint "seeks all remedies available pursuant to 42 U.S.C. §1983," including but not limited to compensatory damages, equitable remedies allowable at law, punitive damages against individual only, injunction against future acts, and attorney fees and costs. (Doc. 1 at ¶¶44,49).

answer, (Docs. 52, 53). The plaintiff then filed a motion to strike the defendants' answer on December 29, 2021, to which the court dismissed as moot in an order dated June 27, 2022. (Docs. 48 & 56).

On June 15, 2021, the defendants filed the instant motion for summary judgment on Counts I and II of the complaint. (Doc. 35). As the parties have fully briefed the defendants' motion, (Docs. 39, 45, 46), the defendants' motion for summary judgment is ripe for the court's review.

## II.   DISCUSSION[3]

The defendants move for summary judgment on Counts I and II of the complaint, which assert claims of First Amendment retaliation under 42 U.S.C. §1983 against the defendants.

To state a claim under §1983, a plaintiff must meet two threshold requirements. She must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins,* 487 U.S. 42

_____

[3] Since the defendants' brief in support of their motion for summary judgment adequately states the summary judgment standard of review, (Doc. 39 at 14-16), it is not repeated herein. The plaintiff does not state a standard of review in her brief in opposition to the defendants' instant motion.

(1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-331 (1986). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (citing *Rode*). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207.

The Third Circuit follows a three-step, burden-shifting process when evaluating a public employee's claim for First Amendment retaliation. *Smith v. Cent. Dauphin Sch. Dist.*, 355 Fed.Appx. 658, 667 (3d Cir. 2009) (non-precedential opinion). First, the employee must show that "the activity is in fact protected." *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). Second, the employee must show that the protected activity "was a substantial factor in the alleged retaliatory action." *Id*. (quotation omitted). If these two elements are satisfied, then the burden shifts to the defendant to demonstrate that the "same adverse action would have taken place in the absence of the protected conduct." *Id*.; *see also Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009). The first factor is a question of law, and the

second factor is a question of fact. *Gorum*, 561 F.3d at 184 (*quoting Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006)).

### a. **Count I**

The plaintiff asserts a First Amendment retaliation claim against the defendants for violation of her right to free speech in Count I of her complaint. Plaintiff's free speech claim concerns her: (1) Facebook post in support of bus drivers made in September 2016 and (2) speech regarding unfair treatment of District staff made during collective bargaining meetings held on July 2017, September 20, 2017, October 2, 2017, and October 16, 2017. She contends that the defendants retaliated by suspending her on November 1, 2017 and terminating her employment on November 16, 2017.

As a threshold matter, the defendants contend that the plaintiff cannot state a §1983 First Amendment retaliation claim against defendant Gorham because he did not participate in the alleged retaliatory actions. Initially, to the extent that the plaintiff has sued Gorham in both his individual and official capacities, we find that the claims against Gorham in his official capacity cannot proceed since he is being sued as an official of the District and the claims against him in his official capacity are redundant of plaintiff's claims against the District. *Credico v. West Goshen Police*, No. 13–1255, 2013 WL 6077168, *3 (E.D. Pa. Nov. 18, 2013) (*citing Kentucky v. Graham*, 473 U.S.

159, 165-166 (1985)) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity...").

Regarding her claims against Gorham in his individual capacity, the plaintiff suggests that Gorham was a state actor even though he was not on the District's Board of Directors because he advised the Board of Directors to terminate her. "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of [§1983]." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (internal quotation and citation omitted). In effort to show that Gorham advised the District to terminate her, the plaintiff relies upon her deposition testimony in which she averred that Gorham recommended her termination. (Doc. 37-3 at 57:7-58:3). However, because the plaintiff does not indicate any basis for her belief that Gorham recommended her termination to the District's Board of Directors or proffers any specific evidence in support of such belief, her related testimony amounts to speculation insufficient to demonstrate the existence of a material factual dispute. *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014) (*quoting Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990); Fed.R.Civ.P. 56(e).

- 9 -

Moreover, the plaintiff does not point to any specific evidence indicating that Gorham was a participant in the District's decision to place plaintiff on administrative leave. Since the plaintiff has not raised a genuine factual dispute that Gorham acted under the color of state law in causing the alleged injury, her §1983 claims against Gorham fail as a matter of law. *West v. Atkins*, 487 U.S. at 48, 108 S.Ct. 2250 (claims under §1983 require actions under color of state law). Thus, the court will dismiss her claims against Gorham and proceed to consider her claims made against the District.

The court proceeds to consider plaintiff's claims against the District. To directly state a claim against a local governing body such as the defendant District pursuant to 42 U.S.C. §1983 for monetary, declaratory, or injunctive relief, the plaintiff must show that "(1) [she] suffered a deprivation of a federal right (2) that was the result of either an express policy, widespread custom or deliberate act of a decision-maker with final policy-making authority which (3) proximately caused Plaintiff's injuries." *Pribula v. Wyoming Area School Dist.*, No. 3:06–CV–2039, 599 F.Supp.2d 564, 571 (M.D.Pa. Feb. 20, 2009) (*citing Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690 (1978)).

With respect to plaintiff's claim that the District violated her right to free speech, the District does not dispute that the plaintiff's Facebook post and

attendance at the four collective bargaining sessions constitute protected activities under the First Amendment. *Myers v. City of Wilkes-Barre, PA*, 448 F.Supp.3d 400 (M.D.Pa. 2020) (finding police officer's speech in his capacity as a union official regarding defendant's misconduct in their management of the police department constituted protected First Amendment speech). Rather, it contends that the plaintiff has failed to demonstrate that her protected activities were substantial factors in the alleged retaliatory actions. The District further argues that even if the plaintiff has sufficiently demonstrated a causal link, plaintiff cannot survive summary judgment on the third step of the burden-shifting analysis because the adverse employment actions would have taken place in the absence of the protected activities.

Under the "substantial factor" prong of the court's burden-shifting analysis, a plaintiff may establish the requisite causal connection through "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Id*. at 668. In the absence of that proof, the plaintiff must show that from the "evidence gleaned from the record as a whole" the trier of the fact should infer causation. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (quotation omitted). The

defendants argue that the plaintiff failed to meet the "substantial factor" prong of the burden-shifting analysis because the protected activities are too temporally remote from the retaliatory actions to establish causation.

We agree with the District and find that, viewed in favor of the nonmoving party, or the plaintiff in this case, the record is insufficient to demonstrate the requisite causal connection. Initially, a causal link is not readily apparent based upon the temporal proximity between the plaintiff's protected activities and the alleged retaliatory actions. Taking the most recent of plaintiff's protected activity, approximately sixteen days passed between her participation in a collective bargaining meeting and the District's alleged retaliatory act of suspending her. Courts have been reluctant to find causation where the temporal proximity is removed by more than a few days. *See, e.g., Killen v. N.W. Human Servs., Inc.,* No. 06-4100, 2007 WL 2684541, at *8 (E.D.Pa. Sept. 7, 2007) (temporal proximity of seventeen days was insufficient to establish causation without additional evidence to support a causal link); *Fischer v. Transue,* No. 1:04-CV-2756, 2008 WL 3981521, *10 (M.D.Pa. Aug. 22, 2008) (period of twenty-two days insufficient to find causation without additional evidence).

When temporal proximity is insufficient to establish causation, the plaintiff must demonstrate a factual dispute as to the existence of either a

pattern of antagonism or other evidence on the record as a whole from which a trier of fact should infer causation. *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 280 (3d Cir. 2000) (*citing Kachmar v. SunGard Data Systems, Inc.,* 109 F.3d 173, 177 (3d Cir. 1997)).[4]

The circumstances in this case do not raise a factual dispute as to the existence of either a pattern of antagonism or a causal link based on the record as a whole. In an effort to establish a pattern of antagonism, the plaintiff only points to her testimony asserting that Gorham became "extremely frustrated" with the plaintiff's reports of low secretarial pay and was "absolutely dismissive" of her complaints. (Doc. 37-3 at 93:17-95:11). However, Gorham's expressions of frustration and dismissiveness towards the plaintiff on one occasion do not amount to a "pattern" of antagonism.

The plaintiff also appears to contend that causation should be inferred from circumstantial evidence on the record because the "[D]istrict['s] culture does not hold employees accountable for violations of Policy 815." (Doc. 45

---

[4] Inference of causation from circumstantial evidence can be made when an employer gives inconsistent reasons for termination, *Waddell v. Small Tube Products, Inc.,* 799 F.2d 69, 73 (3d Cir. 1986), engages in a series of seemingly benign actions that essentially paved the way for an employee's termination, *Woodson v. Scott Paper Co.,* 109 F.3d 913, 921 (3d Cir. 1997), or attempts to provoke the employee by continually disciplining him for minor matters and miscalculating the amount of time he worked. *Robinson v. SEPTA,* 982 F.2d 892, 895 (3d Cir. 1993).

at 13). In support of her position, the plaintiff relies upon her testimony that two District employees had previously used the Skyward system to obtain contact information for a child's birthday and for a romantic connection but were not disciplined for their unauthorized use of the system. (Doc. 37-3 at 109:12-110:12, 111:1-9). However, she further testified that she did not know if anyone ever reported the employee who used Skyward to prepare for a child's birthday party. *Id.* at 111:1-14. As the plaintiff does not cite to any evidence showing that the District was aware of such employee's alleged misuse of the Skyward system, her testimony regarding the District's failure to hold the employee accountable for violating Policy 815 constitutes "an inference based upon a speculation" and cannot raise a material factual dispute. *Halsey*, 750 F.3d at 287 (*quoting Robertson.*, 914 F.2d at 382 n.12).

Moreover, upon review, the court does not find that the record as a whole is suggestive of a causal link. It is undisputed that the District did not take any adverse action until after the plaintiff's unauthorized use of the Skyward system on October 26, 2017. Such a timeline of events undermines an inference of a causal connection between the adverse actions and the plaintiff's participation at collective bargaining meetings starting in July of 2017 or her Facebook posting in September 2016.

Because the plaintiff has not satisfied her burden in demonstrating that the protected activities were a substantial factor in her suspension or termination, the court need not go further than the second factor. However, even if the plaintiff had satisfied the second factor, she would nonetheless fail to meet her burden under the third factor. If a plaintiff satisfies the first two prongs, the burden then shifts to the government, and "the government can escape liability by showing that it would have taken the same action even in the absence of the protected conduct." *Bd. of Cnty. Comm'rs, Wabaunsee Cnty., Kan. v. Umbehr*, 518 U.S. 668, 675 (1996). The District contends that they would have suspended and voted to terminate the plaintiff regardless of her speech at the collective bargaining sessions. In support of its position, the District points to the plaintiff's deposition testimony, in which she conceded that she used the Skyward system in violation of District policies and that discipline for her misconduct, to a degree, was warranted. (Doc. 36 at ¶31; Doc. 37-3 at 66:7-25; 67:5-11). It also points to the grievance arbitrator's conclusion that forty-five days unpaid suspension constituted an appropriate discipline for the plaintiff's misconduct. (Doc. 36 at ¶¶45-47; Doc. 37-9).

The plaintiff has not proffered any evidence which allows a factfinder to reasonably infer that the defendants' proffered non-discriminatory reasons

did not actually motivate the alleged retaliatory actions. *Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir. 1994) (citations omitted). While the District could have given her a more lenient discipline, the plaintiff cannot survive summary judgment simply by pointing to evidence that could convince a reasonable factfinder that "the employer's decision was wrong or mistaken." *Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir. 1994); *Kilpatrick v. Sec'y, United States Dep't of Veterans Affs.,* 754 Fed.Appx. 123 (3d Cir. 2018) ("The excessiveness of the action taken, though, does not bolster the position that the likely reason for it was retaliation."). In other words, for the plaintiff to survive summary judgment, she must show "not merely that the employer's proffered reason was wrong, but that it was so plainly wrong that it cannot have been the employer's real reason." *Id*. Because the plaintiff has not pointed to any evidence to show that the District's proffered reasons for the adverse employment actions were pretextual, other than her testimony that the District had previously not held two employees accountable for their unauthorized usage of the Skyward system, we find that the plaintiff cannot survive summary judgment with respect to Count I of her complaint.

b. **Count II**

In Count II of her complaint, the plaintiff claims the defendants violated her First Amendment right to association by retaliating against her on the

basis of her status as a union member. Such a claim, however, "should be dismissed when it is coextensive with the plaintiff's freedom of speech claim." *Myers v. City of Wilkes-Barre, PA*, 448 F.Supp.3d 400, 416 (M.D. Pa. 2020) (*citing Palardy v. Township of Millburn*, 906 F.3d 76, 81 (3d Cir. 2018)). The defendants argue that plaintiff's free speech and association claims are coextensive. The court agrees with the defendants and finds the plaintiff's two claims to be coextensive.

In her opposition to the instant summary judgment motion, the plaintiff does not address the defendants' argument that the two claims are coextensive. Because the plaintiff does not respond the defendants' argument, the related portion of the defendants' motion is deemed unopposed pursuant to Local Rule 7.6. *See also*, *Reeder v. Hagan*, No. 4:20-CV-00591, 2020 WL 7699481,at *6 (M.D.Pa. Dec. 28, 2020) (citations omitted).

Moreover, the plaintiff's freedom of association claim is premised upon her assertion that she was "disliked by Defendant Gorham for her role as a union leader seeking benefits for workers," specifically, for her participation in collective bargaining meetings as Union secretary. (Doc. 45 at 6). The shared basis of plaintiff's freedom of association and speech claims indicates

that the claims are not "independent and distinct," but rather, coextensive with each other. *Myers*, 448 F.Supp.3d at 416.

Because the court finds plaintiff's association claim to be coextensive with her speech claim, we will also grant the defendants' summary judgment motion as to Count II of the complaint.[5]


## III.    CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgement with respect to Counts I and II of the plaintiff's complaint, (Doc. 35) is **GRANTED**. The defendants' request to strike punitive damages in Counts I and II of the complaint is **DISMISSED as moot**.

An appropriate order follows.


                                              *s/Malachy E. Mannion*
                                              **MALACHY E. MANNION**
                                              **United States District Judge**

**DATED: June 27, 2022**
19-1671-03

---

[5] As such, the defendants' request to strike punitive damages in Counts I and II of the complaint is moot.